MYERS (CUTTING v.). See Case No. 3,520.

## Case No. 9,986.
### MYERS v. DAVIS.
[6 Blatchf. 77.] [1]

Circuit Court, N. D. New York. March 19, 1868.

PLEADING AT LAW—ASSUMPSIT—FORM OF DECLARATION—BAD COUNTS—GENERAL DEMURRER.

1. The proper form of a declaration, in an action of assumpsit, in this court, commented on.

2. A count in such a declaration, alleging a sale and delivery of property by a third party to the defendant, an agreement by the defendant to pay such third party so much money therefor, and an assignment of the claim of such third party to the plaintiff, but not alleging that the defendant ever undertook or promised the plaintiff to pay to him the whole or any part of the claim, is bad, on general demurrer.

3. A count in such a declaration, alleging a sale of property by the plaintiff and a third party to the defendant, for so much money, and an agreement by the defendant to pay that sum therefor, but not alleging that the promise was to pay at any specified time, or on demand or request, and alleging that the defendant had not paid any part thereof to the plaintiff or to such third party, that such third party assigned his interest in the demand to the plaintiff, and that the defendant, in consideration of the premises, promised to pay such money to the plaintiff, but not alleging that the defendant promised the plaintiff, or that the promise was to pay at any particular time, or on demand or request, and not alleging any other consideration for the promise, or any request or refusal to pay, is bad, on general demurrer.

4. Another count in such a declaration, held bad, on general demurrer, and its defects pointed out.

This case came before the court on a general demurrer to the third, fourth and sixth so-called counts of a pleading, on the part of the plaintiff [Austin Myers], in a suit at law, which the defendant [Frank S. Davis], in his demurrer, treated as a declaration.

HALL, District Judge. The plaintiff's pleading, so far as it can be said to have form or comeliness, is probably in the form of a complaint under the New York Code of Procedure; and, if it has, in some respects, the substance of a proper pleading in this court, it may properly be considered as belonging to the same class of misbegotten and ill-shaped hybrids with the pleading I had occasion to remark upon in the case of Birdsall v. Perego [Case No. 1,435], decided at the October term, 1865.

If the demurrer, in this case, had been special, and had properly alleged the want of form of the pleading demurred to, as a pleading in this court, a single glance at the pleading itself would have been sufficient to justify the court in declaring that the whole declaration was clearly bad. But the de-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

murrer is not special, and a somewhat careful examination has been given to so much of the plaintiff's pleading as is covered by the demurrer.

The pleading demurred to has not the proper form of a declaration in either of the several forms of action which are sustainable on the law side of this court. The plaintiff's case required a declaration in assumpsit, and the pleading demurred to approaches more nearly to a declaration in assumpsit than to any other legitimate form of pleading, and its sufficiency must, therefore, be maintained, if at all, on the ground that the three several parts of the plaintiff's pleading to which the demurrer applies, are sufficient, in substance, as counts in assumpsit, under the rules of pleading which obtain in this court. It is in that light that I shall consider the questions raised by the demurrer.

The statement of the cause of action thirdly alleged, is bad, in substance, for the reason, among others, that it alleges a sale and delivery of stock by one Hagar to the defendant, an agreement by the defendant to pay Hagar $3,300 therefor, and a subsequent sale and assignment of this claim of Hagar's to the plaintiff, without alleging that the defendant ever undertook or promised the plaintiff to pay to him the whole or any part of the claim.

The statement of the cause of action fourthly alleged, is bad, in substance, for a different cause. It alleges a sale of stock, by the plaintiff and Hagar, to the defendant, for the price of $7,000, and an agreement, by the defendant, to pay that sum therefor, but without alleging that the promise was to pay at any specified time, or on demand or request; that the defendant had not paid any part thereof to the plaintiff, or to Hagar; that Hagar, for a valuable consideration, transferred and assigned his interest in said demand to the plaintiff; and that the defendant afterward, and before the commencement of the suit, "in consideration of the premises respectively, promised to pay the said sum of $7,000 to the plaintiff," without alleging that "the defendant undertook and promised the plaintiff," &c., or that the promise was to pay at any particular time, or on demand or request, and without alleging any other consideration for the promise, or any request or refusal to pay. The undertaking and promise of the defendant should have been alleged to have made to the plaintiff, and the pleading should have alleged a promise or undertaking to pay on request, or at a specified time, and then have alleged, in proper terms, the non-performance of such promise or undertaking.

The statement of the cause of action sixthly made in the declaration, is bad, in substance, for the reason that there is a failure to set forth an undertaking or promise, and its non-performance, in such manner as to show a right of action. these defects being similar to those already referred to in re-

spect to the cause of action fifthly stated. It is bad, also, because it does not state why, or how, the plaintiff and Hagar sustained damages, or sufficiently show that the damages claimed are the legal consequence of the suspension of work, or that the defendant undertook, or promised, to pay such damages, the alleged promise "to pay the said several sums of money respectively to the plaintiff," not being an allegation of a promise to pay damages the amount of which had only been stated in one single aggregate sum of $10,000.

The defendant must have judgment on the demurrer, with leave to the plaintiff to amend his declaration, and the several counts therein, within twenty days, on payment of costs.